Earl Worthy III #368520
Florence Correctional Cntr.
1100 Bowling Rd. POB 6200
Florence, AZ. 85232

```
                UNITED STATES DISTRICT COURT
                DISTRICT OF ALASKA AT ANCHORAGE


EARL WORTHY III,                    )
                                    )
     Plaintiff,                     )
                                    )
vs.                                 )
                                    )
MARC ANTRIM, COMMISSIONER,          )
DEPARTMENT OF CORRECTIONS,          )
STATE OF ALASKA,                    )
                                    )
REV. MIKE ENSCH, CHAPLAIN           )
COORINATOR, ALASKA                  )
CORRECTIONAL MINISTRIES,            )
DEPARTMENT OF CORRECTIONS,          )
STATE OF ALASKA,                    )
                                    )
FRANK LUNA, WARDEN & CEO,           )
FLORENCE CORRECTIONAL CNTR.,        )
                                    )
CORRECTIONS CORPORATION OF          )
AMERICA,                            )
                                    )
CHAPLAIN AGUIRRE, CHAPLAIN,         )
ALASKA CONTRACT, FLORENCE           )
CORRECTIONAL CNTR.,                 ) CASE NO.: A05-248 CV (RRB)
                                    )
     Defendants.                    )
                                    )
sued in their official and          )
individual capacities.              )
_____)
```

## MOTION FOR THE APPOINTMENT OF COUNSEL

1

COMES NOW THE PLAINTIFF, Earl Worthy III, pro se, and pursuant to 28 U.S.C. § 1915(e)(1) request this court to appoint counsel to represent him. The plaintiff is unable to afford counsel and the issues involved in this case are complex. In addition the plaintiff has a limited knowledge of the law.

This motion is supported by memorandum of law and fact and affidavit of plaintiff.

DONE THIS 28th, day of November, 2005 at Florence, Arizona.

*Earl Worthy III*
Earl Worthy III #368520

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing and all attachments was sent via the U.S. Postal service to:

Michael D. Corey (Counsel for defendants)

On this 30th, day of November, 2005

*Earl Worthy III*
Earl Worthy III #368520

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| EARL WORTHY III,<br><br>    Plaintiff,<br><br>vs.<br><br>MARC ANTRIM, COMMISSIONER,<br>DEPARTMENT OF CORRECTIONS,<br>STATE OF ALASKA,<br><br>REV. MIKE ENSCH, CHAPLAIN<br>COORDINATOR, ALASKA<br>CORRECTIONAL MINISTRIES,<br>DEPARTMENT OF CORRECTIONS,<br>STATE OF ALASKA,<br><br>FRANK LUNA, WARDEN & CEO,<br>FLORENCE CORRECTIONAL CNTR.,<br><br>CORRECTIONS CORPORATION OF<br>AMERICA,<br><br>CHAPLAIN AGUIRRE, CHAPLAIN,<br>ALASKA CONTRACT, FLORENCE<br>CORRECTIONAL CNTR.,<br><br>    Defendants.<br><br>Sued in their official and<br>individual capacities. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.: A05-248 CV (RRB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW AND FACT IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

1

This is a civil rights action filed by a state prisoner asserting claims of denial of the free exercise of religion, denial of right of reformation, and breech of contract under theory of third party beneficiary. The complaint alleges that the plaintiff was denied access to basic religious materials pertinent to his faith tradition without good cause. Plaintiff further alleges that the defendants impose additional burdens upon non-christian prisoners attempting to exercise their faith.

ARGUMENT

In deciding whether to appoint counsel for the indigent litigant, the court should consider the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim, and the complexity of the legal issues. Rand v. Rowland, 113 F.3d 1520(9th.Cir.1997), Abdullah v. Gunter, 949 F.2d 1032(8th.Cir.1991).

In addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. A. Sargenti, 877 F.2d 170, 173(2d.Cir.1989). Each of these factors weighs in favor of appointing counsel in this case.

2

1) <u>Factual complexity</u>. The plaintiff alleges violations involving both federal and state constitutions. He asserts the existence of institutional and administrative policies and practices that in effect deny him the ability to practice his faith without unreasonable interference. The sheer number of claims and defendants make this a factually complex case.

2) <u>The plaintiff's ability to investigate</u>. The plaintiff is an incarcerated person and therefore has limited ability to investigate the facts. This case will require considerable discovery concerning institutional, administrative, and corporate records, reports and statements about factual matters related to plaintiff's claims and any history by defendants of prior violations of individuals free exercise of religion. See <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796(9th.Cir. 1986).

3) <u>Conflicting testimony</u>. The plaintiff's account of his experience is in direct conflict with the position of the defendants as evidenced by the answer filed in response to plaintiff's complaint. There will exist a credibility contest between the plaintiff and the defendants - the existence of these credibility issues supports the appointment of counsel. <u>Id at 798</u>.

3

4) <u>The ability of the indigent to present his claim</u>. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. <u>Whisenant v. Yuam, 739 F.2d 160, 163(4th.Cir.1984)</u>.

5) <u>Legal complexity</u>. The large number of defendants presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional, both state and federal, to be held liable. The plaintiff has ask for a jury trial, which requires much greater skill than the plaintiff has or can be expected to develop. <u>Abdullah v. Gunter</u>, 949 F.2d at 1036. In addition plaintiff's action involves the complicated claim of third party beneficiary status with regard to the contract between the defendants.

6) <u>Merit of the case</u>. The plaintiff's allegations, if proved, clearly would establish both state ond federal constitutional violations.

For the forgoing reasons, the court should appoint counsel in the above captioned matter.

DONE THIS 28th, day of November, 2005 at Florence, Arizona.

*Earl Worthy III*
Earl Worthy III # 368520

4

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| EARL WORTHY III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARC ANTRIM, COMMISSIONER, | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| STATE OF ALASKA, | ) |
| | ) |
| REV. MIKE ENSCH, CHAPLAIN | ) |
| COORDINATOR, ALASKA | ) |
| CORRECTIONAL MINISTRIES, | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| STATE OF ALASKA, | ) |
| | ) |
| FRANK LUNA, WARDEN & CEO, | ) |
| FLORENCE CORRECTIONAL CNTR., | ) |
| | ) |
| CORRECTIONS CORPORATION OF | ) |
| AMERICA, | ) |
| | ) |
| CHAPLAIN AGUIRRE, CHAPLAIN, | ) |
| ALASKA CONTRACT, FLORENCE | ) |
| CORRECTIONAL CNTR., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| sued in their official and | ) |
| individual capacities. | ) |
| | ) |

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR THE APPOINTMENT OF COUNSEL**

1

```
STATE OF ARIZONA        )
                        ) SS:
COUNTY OF PINAL         )
```

I, Earl Worthy III, being duly sworn, swear and affirm the following:

1. I am the plaintiff in the above captioned matter.

2. The acompanning <u>Motion for the Appointment of Counsel</u> is brought in good faith and not for the purpose of harrasment or delay.

FURTHER AFFIANT SAYETH NAUGHT

DONE THIS 28th, day of November, 2005 at Florence, Arizona.

*Earl Worthy III*
Earl Worthy III/#368520

SUBSCRIBED TO OR SWORN BEFORE ME THIS 28th, day of November, 2005 at Florence, Arizona.

*Tina McNamer*
Notary Public
Comm. Ex.: 11-13-2006

**SEAL**

2