FILED
US DISTRICT COURT
DISTRICT OF ALASKA
2005 DEC 14 PM 3:16

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

EARL WORTHY, III            )
                            )
        Plaintiff,          )
                            )
vs.                         )
                            )
                            )
MARC [SIC] ANTRIM, COMMISSIONER, )
DEPARTMENT OF CORRECTIONS, STATE )
OF ALASKA                   )
                            )
REV. MIKE ENSCH, CHAPLAIN [SIC] )
COORDINATOR, ALASKA CORRECTIONAL )
MINISTRIES, DEPARTMENT OF   )
CORRECTIONS, STATE OF ALASKA )
                            )
FRANK LUNA, WARDEN & CEO, FLORENCE )
CORRECTIONAL CNTR.,         )
                            )
CORRECTIONS CORPORATION OF AMERICA, )
                            )
CHAPLAIN AGUIRRE, CHAPLAIN, ALASKA )
CONTRACT, FLORENCE CORRECTIONAL )
CNTR.,                      )
                            )
        Defendants.         )   CASE NO. A05-248 CV (RRB)
                            )
Sued in their official and  )
individual capacities,      )
                            )

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Defendants hereby respond to Plaintiff's Motion for Appointment of Counsel. In order to prevail and receive counsel at the government's expense, Plaintiff must demonstrate "exceptional circumstances." Defendants maintain that no such circumstances exist. Therefore, Defendants respectfully request this Court deny Plaintiff's Motion.

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

LEGAL ARGUMENT

The Ninth Circuit in Aldabe v. Aldabe, held that there is no constitutional right to appointment of counsel at government expense. See Aldabe v. Aldabe, 1616 F.2d 1089, 1093 (9th Cir. 1980). Additionally, 28 U.S.C. §1951(e)(1) gives the court discretion to appoint counsel to represent indigent claimant only if the claimant shows "exceptional circumstances." See Gorenc v. Salt River Project Agriculture Improvement and Power District, 869 F.2d 503, 509 (9th Cir. 1988); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In Wilborn, the court clarified that in order to find exceptional circumstances, the court must conduct a two-prong analysis. First, the court must consider the likelihood of the claimant's success on the merits of the claim. Second, the court must look at the ability of the petitioner to articulate the claims without counsel, in light of the complexity of the legal issues presented in the claimant's lawsuit.

In this case, Plaintiff asserts Defendants denied him his right to freely exercise his religion and breached a contract under which he claims a third-party beneficiary status. Plaintiff has not demonstrated a likelihood of success on the merits. Although he claims he was born Jewish, he provides no evidence of that fact. Secondly, the issues involved are not complex, and Plaintiff has not demonstrated a need for legal assistance in developing legal theories concerning the straight forward claims set forth by Plaintiff in his Complaint. Plaintiff has adequately demonstrated

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

his ability to litigate this claim by the nature of his pleadings and arguments contained therein. Therefore, Plaintiff's claim does not rise to the level of "exceptional circumstance" and counsel should not be provided by the Court.

## CONCLUSION

In this case, Plaintiff has neither demonstrated the likelihood of success on the merits, nor shown that the complexity of the issues involved in this lawsuit are sufficient to require designation of counsel. Plaintiff's Motion for Appointment of Counsel should, therefore be denied.

Respectfully submitted this 14th day of December, 2005 at Anchorage, Alaska.

> SANDBERG, WUESTENFELD & COREY
> Attorneys for Defendants,
> Antrim, Ensch, Luna,
> Corrections Corporation of
> America and Aguirre
>
> By_____
> Michael D. Corey
> ABA #8511130

This is to certify that a true and correct copy of the foregoing was served by ( X ) mail (  ) hand (  ) fax this 14th day of December, 2005, to:

Earl Worthy, III, #368520
Florence Correctional Center
Post Office Box 6200
Florence, Arizona 85232
Plaintiff *Pro Per*

_____

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

3