UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

<u>EARL WORTHY III</u>   v.   <u>MARC ANTRIM, et al.</u>

THE HONORABLE RALPH R. BEISTLINE

CAREER LAW CLERK                           CASE NO. <u>A05-0248 CV (RRB)</u>

<u>John W. Erickson, Jr.</u>                   DATE: December 27, 2005

PROCEEDINGS:   **MINUTE ORDER FROM CHAMBERS**
               **RE PLAINTIFF'S MOTION TO REMAND**

---

Before the Court is Plaintiff Earl Worthy III ("Plaintiff") with a Motion to Remand (Docket No. 9). Plaintiff argues remand to the Superior Court, State of Alaska, Third Judicial District, is appropriate because: (1) Defendants Marc Antrim, <u>et al.</u> ("Defendants") have already accepted that court as the proper venue; and (2) that court has "special competency . . . in matters concerning the constitution or laws of Alaska."[1] Defendants oppose, at Docket No. 12, and argue this "Court has federal subject matter jurisdiction over the federal subject claim and the separate state claims can be [adequately] addressed through the Court's supplemental jurisdiction."[2] The Court agrees.

"Plaintiff claims he is Jewish and is being prevented form exercising his religion within the prison setting."[3] Because the claim contains "an overriding federal question involving the free exercise [of religion] clause of the First Amendment,"[4] Plaintiff's Motion to Remand (Docket No. 9) is hereby **DENIED**.[5]

---

[1] Clerk's Docket No. 9 at 3.

[2] Clerk's Docket No. 12 at 3 (citation omitted).

[3] <u>Id.</u>

[4] <u>Id.</u> at 4.

[5] <u>See</u> 28 U.S.C. § 1331. In addition, whether Plaintiff "is a third-party beneficiary to a contract between the State of Alaska and the Corrections Corporation of America . . . is irrelevant to the consideration of the Court's jurisdiction," in this matter. Clerk's Docket No. 12 at 2-3.

ORDER RE PLAINTIFF'S MOTION TO REMAND