IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EARL WORTHY, III,<br><br>    Plaintiff,<br><br>vs.<br><br>MARC ANTRIM, et al.,<br><br>    Defendants. | Case No. A05-0248 CV (RRB)<br><br>ORDER DENYING<br>REQUEST FOR COUNSEL |

Earl Worthy, a self-represented prisoner, has filed an application for appointment of counsel in his civil rights case, and the defendants have objected.[1] Although there is a right to counsel at public expense in criminal cases, that right does not extend to civil cases. The Court is not authorized to make compulsory appointments of counsel to assist indigent litigants without pay.[2] In addition, the Court has no funds of its own to pay attorneys to represent indigent litigants in civil cases, and has been unsuccessful in its attempts at finding attorneys to represent prisoners on a volunteer basis except in the most compelling and aggravated cases.

---

[1] See Docket Nos. 13, 16.

[2] See *Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989).

T:\Orders.05\1983\worthy atty.wpd

Where an indigent party brings an arguably meritorious action, the action is complicated, and the party requests counsel, the Court will refer the matter to Alaska Pro Bono Program, Inc.

The Court has reviewed Mr. Worthy's complaint.[3] In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give Mr. Worthy the benefit of any doubt.[4] Having reviewed the materials filed by Mr. Worthy in this action, the Court concludes that this is not a case legally and/or factually complicated enough to justify referral to the Pro Bono Program, and the use of its limited resources. Therefore, the Court will not request volunteer counsel for Mr. Worthy at this time.

**IT IS HEREBY ORDERED:**

Mr. Worthy's motion for court appointed counsel, at Docket No. 13, is DENIED.

DATED this __4__ day of ~~December, 2005~~ January, 2006, at Anchorage, Alaska.

RALPH R. BEISTLINE
United States District Judge

---

[3] See 28 U.S.C. § 1915(e)(2)(B).

[4] See Frost v. Symington, 197 F.3d 348, 352 (9th Cir. 1999) (pro se prisoner's claims must be liberally construed, and given the benefit of any doubt); Ortez v. Washington County,, 88 F.3d 804, 807 (9th Cir. 1996).