Earl Worthy III #368520
Florence Correctional Cntr.
1100 Bowling Rd. POB 6200
Florence, AZ. 85232
(520)868-9095



UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| EARL WORTHY III, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | ) |
| | ) |
| MARC ANTRIM, COMMISSIONER, | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| STATE OF ALASKA, | ) |
| | ) |
| REV. MIKE ENSCH, CHAPLAINCY | ) |
| COORDINATOR, ALASKA | ) |
| CORRECTIONAL MINISTRIES, | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| STATE OF ALASKA, | ) |
| | ) |
| FRANK LUNA, WARDEN & CEO, | ) |
| FLORENCE CORRECTIONAL CNTR., | ) |
| | ) |
| CORRECTIONS CORPORATION OF | ) CASE NO.: A05-248CV (RRB) TMB |
| AMERICA, | ) |
| | ) |
| CHAPLAIN AGUIRRE, CHAPLAIN, | ) |
| ALASKA CONTRACT, FLORENCE | ) |
| CORRECTIONAL CNTR., | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| Sued in their official and | ) |
| individual capacities. | ) |
| | ) |

## CIVIL COMPLAINT

### JURY TRIAL DEMANDED

### (AMENDED)

1

This is a civil rights action filed by Earl Worthy III, pro se, a state prisoner, for damages and injunctive relief under 42 USC § 1983, 42 USC § 2000cc alleging denial of free exercise of religion in violation of the First Amendment to Constitution of the United States and applicable state law pursuant to Art. I, § 4 of the Constitution of the State of Alaska. The plaintiff further alleges denial of right to reformation in violation of Art. I, § 12 of the Constitution of the State of Alaska and breech of contract under theory of third party beneficiary.

1) The United States District Court for the District of Alaska has original jurisdiction over all federal claims and supplemental jurisdiction over all state law claims pursuant to 28 USC § 1367.

2) The plaintiff, Earl Worthy III, pro se, is and was during the events described herein, a state prisoner under the care and custody of the Commissioner of the Department of Corrections for the State of Alaska currently incarcerated at the Florence Correctional Center.

3) Defendant Marc Antrim is the Commissioner of the Department of Corrections for the State of Alaska and is responsible for the care and custody of the plaintiff.

4) Defendant Rev. Mike Ensch is the Chaplaincy Coordinator for the Department of Corrections, State of Alaska and is responsible for coordinating and implementing religious/faith based programs for state prisoners.

5) Defendant Frank Luna is and was during the events described herein, the Warden and Chief Operating Officer of the Florence Correctional Center and is an agent/employee of the Corrections Corporation of America.

6) Defendant Corrections Corporation of America(hereafter CCA) is a private for profit provider of penalogical services and owns and operates the Florence Correctional Center(hereafter CCA).

7) Defendant Chaplain Agguirre is the institutional chaplain for all Alaska contract prisoners incarcerated at FCC.

FACTS

8) The plaintiff has been a Jew since birth.

9) Jewish status can be had through one of two ways. One is birth, descent being reckoned through the mother, and also by a formal conversion process.

10) Desiring to practice his faith here at FCC the plaintiff approached defendant Chaplain Agguirre(hereafter Agguirre)to request access to kosher meals, prayer oils, and other religious materials.

11) I was informed by Agguirre that I had to prove or otherwise verify that I was in fact Jewish.

12) Complying with this directive I met with Agguirre and permitted him to speak with my uncle Robert Akrish to verify my membership in the Jewish community.

13) At the conclusion of this meeting I was still denied access to the requested religious materials per paragraph (10).

14) On 03.14.05 I was informed by Agguirre that in order for access to said religious materials to be granted it was required that I complete CCA form 20-102A <u>Request To Change Religious Preference</u>.

15) Agguirre has repeatedly and consistently attempted to burden the plaintiff with excessive requirements that are not required of the Christian inmates seeking similar access to their faith.

4

16) The plaintiff has filed four seperate Request for Service forms in an attempt to resolve this issue informally.

17) Unsuccessful in that atempt the plaintiff filed an administrative grievance which was recieved by the facility administration on 04.06.05.

18) This grievance was "screened back" denied on 04.06.05.

19) I appealed this action to the warden, defendant Frank Luna (hereafter Luna)who concurred with the finding per paragraph (18).

20) The plaintiff has exhausted available administrative remedies.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

21) Plaintiff repeats each and every allegation contained in paragraphs (1) through (20), as if fully set forth herein.

22) Defendants refusal to provide plaintiff with kosher meals, prayer oils, and other requested religious materials prevents plaintiff from adhering to fundamental tenets of his faith.

23) Defendants thereby deny plaintiff the right to free exercise of religion under the First Amendment of the Constitution of the United States.

5

24) Defendants' actions and policies undertaken pursuant to the rules, regulations, usages and practices of Corrections Corporation of America and Alaska Correctional Ministries are, therefore, unconstitutional and unlawful pursuant to 42 U.S.C. 1983 and 42 U.S.C. 2000cc.

## SECOND CAUSE OF ACTION

25) Plaintiff repeats each and every allegation contained in paragraphs (1) through (20), as if fully set forth herein.

26) Defendants' refusal to provide Plaintiff with kosher meals, prayer oils, and other requested religious materials, despite plaintiff's sincerly held religious and moral beliefs, constitutes a substantial burden on Plaintiff's exercise of religion under 42 U.S.C. 2000cc and the First Amendment of the Constitution of the United States.

27) By imposing addittional burden of verification of Plaintiff's faith tradition that is not similarly imposed upon Christian prisoners Defendants' single out the Plaintiff for disparate and burdensome treatment not authorized by law.

28) Defendants' actions and policies undertaken pursuant to the rules, regulations, usages and practices of Corrections Corporation of America and Alaska Correctional Ministries are, therefore unlawful pursuant to 42 U.S.C. 2000cc.

THIRD CAUSE OF ACTION

29) Plaintiff repeats each and every allegation contained in paragraphs (1) through (20), as if fully set forth herein.

30) Defendants refusal to provide Plaintiff with kosher meals, prayer oils, and other requested religious materials, prevents Plaintiff from adhering to fundamental tenets of his faith.

31) Defendants thereby deny Plaintiff the right of free exercise of religion pursuant to Art. I, § 4 of the constitution of the State of Alaska.

32) Defendants actions and policies undertaken pursuant to the rules, regulations, usages and practices of Corrections Corporation of America and Alaska Correctional Ministries are, therefore, unconstitutional and unlawful pursuant to Art. I, § 4 of the constitution and the laws of the State of Alaska.

FOUTH CAUSE OF ACTION

33) Plaintiff repeats each and every allegation contained in paragraphs (1) through (20), as if fully set forth herein.

34) Defendants refusal to provide Plaintiff with kosher meals, prayer oils, and other requested religious materials, prevents Plaintiff from adhering to fundamental tenets of his faith.

7

35) Defendants refusal to provide Plaintiff with kosher meals, prayer oils, and other requested religious materials, despite Plaintiff's sincerly held religious and moral beliefs, constitutes interference with Plaintiff's reformation and rehabilitation.

36) Defendants thereby deny Plaintiff's right of reformation pursuant to Art. I, § 12 of the contitution of the State of Alaska.

## FIFTH CAUSE OF ACTION

37) Plaintiff repeats each and every allegation contained in paragraphs (1) through (20), as if fully set forth herein.

38) Plaintiff's right to performance with regard to the contract between the State of Alaska, Department of Corrections and the Corrections Corporation of America is appropriate to effectuate the intention of the parties.

39) The circumstances of the agreement between the State of Alaska, Department of Corrections and the Corrections Corporation of America provides the Plaintiff with enforceable rights.

40) Plaintiff is an intended beneficiary of those portions of the above mentioned contract that relate to conditions of confinement and rights and priviledges under the laws of the State of Alaska.

41) An actual obligation of care is owed from the promisee to the plaintiff that results directly from the contract between the State of Alaska, Department of Corrections and CCA.

RELIEF REQUESTED

WHEREFORE, the plaintiff request that the Court grant the following relief:

A. Issue a declaratory judgment stating that:

1. Denial by the defendants of the plaintiff's free exercise of religion violated the plaintiff's rights under the First Amendment to the United States Constitution.

2. Denial of the defendant's request to practice his faith is a violation of 42 USC § 2000cc.

3. Denial by the defendants of the plaintiff's free exercise of religion violated the plaintiff's rights under Art. I, § 4 of the Constitution of the State of Alaska.

4. Denial by the defendants of the plaintiff's free exercise of religion constitutes denial of plaintiff's right of reformation under Art. I, § 12 of the Constitution of the State of Alaska.

    5. Denial by the defendants of the plaintiff's free exercise of religion constitutes breech of contract under theory of third party beneficiary.

    6. The failure of defendant CCA to adequately train its agents/employees in their obligation/duties toward those prisoners practicing non-Christian religious traditions constitutes callous indifference towards the plaintiff's right of free exercise of religion.

B. Issue an injunction ordering defendants to:

    1. Immediately provide the plaintiff with access to kosher meals.

    2. Permit the plaintiff to purchase prayer oils and other requested religious materials.

    3. Train or otherwise instruct CCA agents/employees as to their dutys and obligations with respect to non-Christian faith traditions.

C. Award compensatory damages as follows:

    1. $20,000.00 severally against defendants Antrim, Ensch, Luna, Agguirre, and CCA for personal humiliation, mental distress and emotional injuries sustained as a result of the denial of free exercise of religion.

D. Award punitive damages as follows:

    1. $5000.00 against defendant CCA for its callous indifference toward the costitutional rights of the plaintiff.

E. Grant such other relief as it may appear that plaintiff is entitled.

DONE THIS 31st, day of January, 2006 at Florence, Arizona.

                                                  */s/ Earl Worthy III*
                                                  Earl Worthy III #368520