Earl Worthy III #368520
Florence Correctional Cntr.
CCA/FCC POB 6200
Florence, AZ. 85232

RECEIVED
JUN 1 9 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

EARL WORTHY III,                )
                                )
     Plaintiff,                 )
                                )
  vs.                           )
                                )
MARC ANTRIM, et al.,            )
                                )  CASE NO.: 3:05-CV-0248 (TMB)
     Defendants.                )
                                )

### RENEWED MOTION FOR APPOINTMENT OF COUNSEL IN THE ALTERNATIVE TO GRANTING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

COMES NOW THE PLAINTIFF, EARL WORTHY III, pro se, and renews his previous Motion for Appointment of Counsel.

The plaintiff has petitioned this court for a writ of Habeas Corpus Ad Testificandum pursuant to 28 U.S.C. § 2241(c)(5). In the alternative, however, the plaintiff renews his previous Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1).

In deciding whether to appoint counsel for the indigent litigant, the court should consider the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim, and the complexity of the legal issues. <u>Rand v. Rowland</u>, 113 F.3d 1520(9th.Cir.1997), <u>Abdullah v. Gunter</u>, 949 F.2d 1032(8th.Cir.1991).

The plaintiff alleges violations involving both federal and state law. He asserts the existence of institutional and administrative policies and practices that in effect deny him the ability to practice his faith without unreasonable interference. The number of claims and defendants result in a factually complex case.

The plaintiff's account of his experience is in direct conflict with the position of the defendants. There will exist a credibility contest between the plaintiff and the defendants. The existence of these credibility issues supports the appointment of counsel. <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 798(9th.Cir.1986).

The plaintiff is an indigent prisoner with no legal training. This factor supports the appointment of counsel. <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163(4th.Cir.1984).

The large number of defendants presents complex legal issues of determining which defendants were sufficiently personally involved in actionable conduct. The plaintiff has ask for a jury trial, which requires much greater skill than the plaintiff has or can be expected to develop. <u>Abdullah v. Gunter</u>, 949 F.2d at 1036.

Should the court decline to produce the plaintiff for trial counsel should be appointed to manage the presentation of the case, to cross-examine the defendants who testify and their witnesses, and to hear the defendants case and present appropriate rebuttal evidence.

For the forgoing reasons, the court should appoint counsel in the above captioned matter.

DONE THIS 12th, day of June, 2006 at Florence, Arizona.

_____
Earl Worthy III #368520

This certifies that a true and correct copy of the forgoing was served by mail to:

Jones, Skelton, & Hochuli, P.L.C.
2901 N. Central Ave., ste 800
Phoenix, AZ. 85012

Earl Worthy III / 6/13/06
_____
Earl Worthy III          Date

pg. 3 of 3