Daniel P. Struck, Bar #012377
Timothy J. Bojanowski, Bar #022126
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Fax: (602) 200-7837
tbojanowski@jshfirm.com

Attorneys for Defendants Marc Antrim, Mike Ensch, Frank Luna, Aguirre, and Corrections Corporation of America

**UNITED STATES DISTRICT COURT DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| Earl Worthy, III,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARC [SIC] ANTRIM, COMMISSIONER DEPARTMENT OF CORRECTIONS, STATE OF ALASKA,<br><br>REV. MIKE ENSCH, CHAPLAIN [SIC] COORDINATOR, ALASKA CORRECTIONAL MINISTRIES, DEPARTMENT OF CORRECTIONS, STATE OF ALASKA,<br><br>FRANK LUNA, WARDEN & CEO, FLORENCE CORRECTIONAL CNTR.,<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>CHAPLAIN AGUIRRE, CHAPLAIN, ALASKA CONTRACT, FLORENCE CORRECTIONAL CTR.,<br><br>　　　　　　　　　　Defendants.<br><br>Sued in their official and individual capacities,<br><br>　　　　　　　　　　Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO. 3:05-cv-00248 (TMB) |

Defendants' Response in Opposition to Plaintiff's Second Motion for Appointment of Counsel

*Worthy v. Antrim, et al.*

3:05-cv-00248 (TMB)

1648940.1

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL

Defendants hereby respond to Plaintiff's Second Motion for Appointment of Counsel. In order to prevail and receive counsel at the government's expense, Plaintiff must demonstrate "exceptional circumstances." Defendants maintain that no such circumstances exist. Therefore, Defendants respectfully request this Court deny Plaintiff's Motion.

## LEGAL ARGUMENT

The Ninth Circuit in *Aldabe v. Aldabe*, held that there is no constitutional right to appointment of counsel at government expense in civil rights litigation. *Aldabe v. Aldabe*, 1616 F.2d 1089, 1093 (9th Cir. 1980). Additionally, 28 U.S.C. §1915(e)(1) gives the court discretion to appoint counsel to represent an indigent claimant only if the claimant shows "exceptional circumstances." *See Gorenc v. Salt River Project Agricultural Improvement and Power District*, 869 F.2d 503, 509 (9th Cir. 1988); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In *Wilborn*, the court clarified that in order to find exceptional circumstances, the court must conduct a two prong analysis. First, the court must consider the likelihood of the claimant's success on the merits of the claim. Second, the court must look at the ability of the petitioner to articulate the claims without counsel, in light of the complexity of the legal issues presented in the claimant's lawsuit.

Defendants' Response in Opposition to Plaintiff's Second Motion for Appointment of Counsel
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)

2 of 5

1648940.1

In this case, Plaintiff asserts Defendants denied him his right to freely exercise his religion and breached a contract under which he claims a third-party beneficiary status. Plaintiff has not demonstrated a likelihood of success on the merits. Although he claims he was born Jewish, he provides no evidence of that fact. Secondly, the issues involved are not complex, and Plaintiff has not demonstrated a need for legal assistance in developing legal theories concerning the straight forward claims set forth by Plaintiff in his Complaint. Plaintiff has adequately demonstrated his ability to litigate this claim by the nature of his pleadings and arguments contained therein. Plaintiff now asserts he should be provided counsel if the Court denies his request to appear at the trial. Plaintiff claims counsel is needed to manage the presentation of evidence on his behalf. Worthy has demonstrated his ability to adequately litigate this case. He has filed numerous pleadings and arguments which highlight his ability to present evidence. Worthy wants Defendants' to either pay for him to be transported to Anchorage or pay for his counsel. The Court should require neither.

Worthy still has not established a likelihood of success on the merits. Given the nature of Plaintiff's claim and the adequacy of representation there are no exceptional circumstances warranting the appointment of counsel. Therefore,

Defendants' Response in Opposition to Plaintiff's Second Motion for Appointment of Counsel
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)

3 of 5

1648940.1

Plaintiff's claim does not rise to the level of "exceptional circumstance" and counsel should not be provided by the Court.

## CONCLUSION

In this case, Plaintiff has neither demonstrated the likelihood of success on the merits, nor shown that the complexity of the issues involved in this lawsuit are sufficient to require designation of counsel. Plaintiff's Second Motion for Appointment of Counsel should, therefore, be denied.

RESPECTFULLY SUBMITTED this 28th day of June 2006.

JONES, SKELTON & HOCHULI, P.L.C.


By s/Timothy J. Bojanowski
   Daniel P. Struck
   Timothy J. Bojanowski
   2901 N. Central Ave., Suite 800
   Phoenix, Arizona  85012
   Tel:  (602) 263-7324
   Fax:  (602) 200-7837
   E-mail: tbojanowski@jshfirm.com

   Michael D. Corey
   ABA #8511130
   Sandberg, Wuestenfeld & Corey
   701 West 8th Avenue, Suite 1100
   Anchorage, Alaska  99501
   Tel:  (907) 276-6363
   Fax:  (907) 276-3528

   Attorneys for Defendants Antrim, Ensch, Aguirre, and Corrections Corporation of America

/ / /

/ / /

/ / /

Defendants' Response in Opposition to Plaintiff's Second Motion for Appointment of Counsel
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)

4 of 5

1648940.1

This is to certify that a true and correct copy of the foregoing was served by ( XX ) mail (   ) hand (   ) fax this 28th day of June 2006, to:

Earl Worthy, III, #368520
**FLORENCE CORRECTIONAL CENTER**
Post Office Box 6200
Florence, Arizona 85232
*Plaintiff Pro Per*


s/Dianne Clark