Daniel P. Struck, Bar #012377
Timothy J. Bojanowski, Bar #022126
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Fax: (602) 200-7837
tbojanowski@jshfirm.com

Attorneys for Defendants Marc Antrim, Mike Ensch, Frank Luna, Aguirre, and Corrections Corporation of America

**UNITED STATES DISTRICT COURT DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| Earl Worthy, III,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARC [SIC] ANTRIM, COMMISSIONER DEPARTMENT OF CORRECTIONS, STATE OF ALASKA,<br><br>REV. MIKE ENSCH, CHAPLAIN [SIC] COORDINATOR, ALASKA CORRECTIONAL MINISTRIES, DEPARTMENT OF CORRECTIONS, STATE OF ALASKA,<br><br>FRANK LUNA, WARDEN & CEO, FLORENCE CORRECTIONAL CNTR.,<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>CHAPLAIN AGUIRRE, CHAPLAIN, ALASKA CONTRACT, FLORENCE CORRECTIONAL CTR.,<br><br>　　　　　　　　　Defendants.<br><br><br>Sued in their official and individual capacities,<br><br>　　　　　　　　　Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO. 3:05-cv-00248 (TMB) |

Defendants' Response in Opposition to Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)

1648540.1　　　　　　　　　　　　　　　　　　　　1 of 7

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S PEITION FOR WRIT OF HABEAS CORPUS AD TESTIFCANDUM**

Defendants Antrim, Ensch, Luna, Aguirre, and Corrections Corporation of America ("CCA") respond in opposition to Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum, in which he seeks an order requiring Warden Luna of the Florence Correctional Center ("FCC") to bring Plaintiff to the trial in Anchorage, Alaska. There is no reason why Plaintiff, who is now proceeding without an attorney, cannot appear telephonically at the trial.

### I. PLAINTIFF'S PETITION SHOULD BE DENIED BECAUSE HIS PRESENCE AT THE TRIAL IS UNNECESSARY

The purpose of a writ of habeas corpus ad testificandum is to direct the custodian of a prisoner to produce him for appearance as a witness in court. *Greene v. Prunty*, 938 F.Supp. 637, 638 (S.D. Cal. 1996). A prisoner's right of access to the courts, however, is not absolute. *Strube v. Strube*, 158 Ariz. 602, 604, 764 P.2d 731, 733 (1988) (citing *Whitney v. Buckner*, 734 P.2d 485, 488 (Wash. 1987)). The decision of whether to permit a prisoner who is litigating a civil case to be physically present in court is within the court's discretion after balancing the interests of the prisoner against the interests of the other parties, including the authorities who have custody of the prisoner. *Id.* at 602, 764 P.2d at 734. Factors to consider are:

Defendants' Response in Opposition to Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1648540.1                           2 of 7

>	the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.

*Id.* (quoting *Stone v. Morris*, 546 F.2d 730, 735-36 (7th Cir. 1976)). *See also Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)) (factors court must consider when determining whether to issue a writ of habeas corpus ad testificandum are (1) whether the prisoner's presence will substantially further the resolution of the case, (2) the security risks presented by the prisoner's presence, (3) the expense of the prisoner's transportation and safekeeping, and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted). Prisoners do not have an absolute right to testify personally in a civil proceeding. *Id.* (citing *Hall v. Hall*, 341 N.W. 206 (Mich. App. 1983)).

While it may be true that Plaintiff's case depends in large part on his own testimony, there is no need for him to be physically present at the trial. *Hernandez v. Whiting*, 881 F.2d

Defendants' Response in Opposition to Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1648540.1                                    3 of 7

768, 770 (9th Cir. 1989) (imprisonment suspends a plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf). The Ninth Circuit has stated that "[a] prisoner cannot demand to be present at any stage in the development of his civil case." *Id.* at 771. Here, Plaintiff has already been deposed, and his deposition testimony can be used at the trial. Moreover, Plaintiff can testify telephonically, question witnesses telephonically, and argue the admissibility of evidence telephonically. Plaintiff has given no reason why he must personally be present at the trial.

In addition, Plaintiff's claim lacks merit. As set forth in Defendants' Motion for Summary Judgment, Plaintiff refuses to complete appropriate paperwork to change his religious designation with prison administration. Worthy has not been denied the right to practice his religion, he just refused to follow reasonable regulations concerning prisoners designations of religious preference.

Based on Worthy's Motion is not apparent that he seeks a writ of habeas corpus ad testificandum for reasons other than a temporary release from custody. *Strube*, 158 Ariz. at 606, 764 P.2d at 735 (court can consider whether request to appear is really a desire to be temporarily freed from prison). Moreover, transporting Plaintiff to the trial presents a significant security risk. Having to transport him to the trial would

Defendants' Response in Opposition to Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1648540.1                                           4 of 7

require security guards to restrain and accompany him to Alaska, placing undue expense on CCA, which should not have to bear the cost of such a transport given that it was Plaintiff who initiated this lawsuit against CCA. Generally, third parties are not require to bear the cost of producing a prisoner in Federal Court. *Pennsylvania Bureau of Correction v. United States Marshals Service, et al.*, 474 U.S. 34, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). Plaintiff therefore should have to bear the costs of prosecuting this case, including paying for his transport to the trial if it is ordered. However, because Plaintiff has given no good reason why his physical presence at the trial is necessary, his petition should be denied.

## II. PLAINTIFF'S PETITION MUST BE DENIED BECAUSE HE HAS NOT NAMED THE PROPER PARTY

An additional reason why this Court should deny Plaintiff's Petition is that he has not named the proper party as respondent. Plaintiff, an Alaskan prisoner convicted in the State of Alaska, is housed at the FCC in Florence, Arizona. The proper respondent to be served in a petition for writ of habeas corpus ad testificandum can be either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions. *Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1271 (D. Hawaii 1999); *Strube*, 158 Ariz. at 606, 764 P.2d at 735 (custodial officials are entitled

Defendants' Response in Opposition to Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1648540.1                        5 of 7

to be heard on a prisoner's request to be transported to a hearing). Plaintiff, however, failed to serve his petition on either Warden Luna at FCC or on the chief office in charge of Alaska's penal institutions, who are the only persons that have the power to produce the plaintiff should the court issue the writ. *Id.* CCA, as a corporate entity, does not have the power to produce Plaintiff from the FCC, and Plaintiff has not named the warden of that facility as a respondent or served the petition on him. Therefore, Plaintiff's writ of habeas corpus ad testificandum must be denied.

    RESPECTFULLY SUBMITTED this 28th day of June 2006.

    JONES, SKELTON & HOCHULI, P.L.C.

By s/Timothy J. Bojanowski
   Daniel P. Struck
   Timothy J. Bojanowski
   2901 N. Central Ave., Suite 800
   Phoenix, Arizona  85012
   Tel:  (602) 263-7324
   Fax:  (602) 200-7837
   E-mail: tbojanowski@jshfirm.com

   Michael D. Corey
   ABA #8511130
   Sandberg, Wuestenfeld & Corey
   701 West 8th Avenue, Suite 1100
   Anchorage, Alaska  99501
   Tel:  (907) 276-6363
   Fax:  (907) 276-3528

   *Attorneys for Defendants Antrim, Ensch, Aguirre, and Corrections Corporation of America*

Defendants' Response in Opposition to Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1648540.1                                        6 of 7

This is to certify that a true and correct copy of the foregoing was served by ( XX ) mail (   ) hand (   ) fax this 28th day of June 2006, to:

Earl Worthy, III, #368520
**FLORENCE CORRECTIONAL CENTER**
Post Office Box 6200
Florence, Arizona 85232
*Plaintiff Pro Per*


s/Dianne Clark

Defendants' Response in Opposition to Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)

1648540.1                                                    7 of 7