Daniel P. Struck, Bar #012377
Timothy J. Bojanowski, Bar #022126
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Fax: (602) 200-7837
tbojanowski@jshfirm.com

Attorneys for Defendants Marc Antrim, Mike Ensch, Frank Luna, Aguirre, and Corrections Corporation of America

**UNITED STATES DISTRICT COURT DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| Earl Worthy, III,<br><br>          Plaintiff,<br><br>  v.<br><br>MARC [SIC] ANTRIM, COMMISSIONER DEPARTMENT OF CORRECTIONS, STATE OF ALASKA,<br><br>REV. MIKE ENSCH, CHAPLAIN [SIC] COORDINATOR, ALASKA CORRECTIONAL MINISTRIES, DEPARTMENT OF CORRECTIONS, STATE OF ALASKA,<br><br>FRANK LUNA, WARDEN & CEO, FLORENCE CORRECTIONAL CNTR.,<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>CHAPLAIN AGUIRRE, CHAPLAIN, ALASKA CONTRACT, FLORENCE CORRECTIONAL CTR.,<br><br>          Defendants.<br><br>Sued in their official and individual capacities,<br><br>          Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO. 3:05-cv-00248 (TMB) |

Defendants' Response in Opposition to Plaintiff's Motion to Change Venue

*Worthy v. Antrim, et al.*

3:05-cv-00248 (TMB)

164935.1

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE

Defendants Antrim, Ensch, Luna, Aguirre, and Corrections Corporation of America ("CCA"), through counsel, submit their opposition to Plaintiff's Motion to Change Venue. Plaintiff's Motion must be denied because the action is more appropriately litigated in Alaska. Plaintiff is an Alaskan prisoner housed in Arizona. Some of his claims involve an interpretation of the Constitution for the State of Alaska and third-party beneficiary issues involving the State's contract with CCA. Plaintiff selected the District Court in Alaska as the appropriate jurisdiction to hear his claims. The case has been pending for a significant period of tine with discovery and dispositive motion deadlines expiring.

This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTUAL BACKGROUND

Plaintiff is an Alaskan prisoner housed in Arizona under a conviction from the State of Alaska. Plaintiff filed a Motion to Change Venue because he is in Arizona, Defendants' counsel is in Arizona, and the incident occurred in Arizona. Contrary to Plaintiff's position the case involves witnesses and parties who are located in Alaska, a contract that was entered into in Alaska, policies and procedures which were developed and

Defendants' Response in Opposition to Plaintiff's Motion to Change Venue
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)

2 of 6

164935.1

implemented in Alaska, and claims which involve the interpretation of Alaska law.

## II. LEGAL ARGUMENT

Plaintiff relies on 28 U.S.C. § 1404 to support his request for change of venue. This statute states that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The convenience of the parties and interest of justice will not be served by a change of venue. Accordingly, change of venue pursuant to 28 U.S.C. § 1404 is inappropriate.

*Jones v. GNC Franchising, Inc.*,[1] establishes several factors the court should consider before authorizing a change of venue. These factors include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contact with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.[2] Contrary to Plaintiff's request, application of the *Jones* factors to this case concludes that Plaintiff's

---

[1] 211 F.3d 495, 498-99 (9th Cir. 2000).
[2] *Id.*

Defendants' Response in Opposition to Plaintiff's Motion to Change Venue
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)

164935.1

initial choice of venue is appropriate, and it should not be changed.

Plaintiff's "choice of forum" was the District Court for Alaska at Anchorage. This is Plaintiff's home and generally the choice is accorded substantial weight. *Warfield v. Gardner*, 346 F.Supp.2d 1033 (D.Ariz. 2004).

It would not be more convenient for witnesses and defense counsel to litigate this matter in Arizona. The case involves parties who are located in Alaska and claims which arise or are uniquely tied to Alaska. The location of the trial is not more convenient for Defendants or the Plaintiff by changing it to Arizona. If moved, Defendants would have to travel to Arizona to attend.

Although some of the events occurred in Arizona, the claim by Plaintiff is that Alaska prison polices prevent him from exercising his religion. Some of these claims involve the interpretation of the law of Alaska. The law of Alaska should be interpreted by the District Court of Alaska. *Van Dusen v. Barrack*. 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Here, the Constitution of Alaska, contract law of Alaska, and whether the Department of Corrections policies violate the law of Alaska, are all at issue and should be evaluated by a Court in Alaska.

Finally, transferring this matter from the District Court at Anchorage, Alaska to the District Court at Phoenix, Arizona

Defendants' Response in Opposition to Plaintiff's Motion to Change Venue
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)

4 of 6

164935.1

would be substantially detrimental and less convenient for the Alaskan parties and witnesses in the case. The Alaskan parties would have to travel to Phoenix for the trial and incur a substantial expense. Further, Plaintiff's witness is his uncle who lives in Seattle, and he can participate by telephone. As such, a transfer is not more convenient for witnesses.

Accordingly, for the convenience of the parties and witnesses, Plaintiff's Motion to Change Venue must be denied.

### III. CONCLUSION

For the foregoing reasons, venue is proper in the Alaska District Court. Accordingly, Defendants respectfully request that Plaintiff's Motion to Change Venue be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendants' Response in Opposition to Plaintiff's Motion to Change Venue
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)

5 of 6

164935.1

RESPECTFULLY SUBMITTED this 29th day of June 2006.

JONES, SKELTON & HOCHULI, P.L.C.


By s/Timothy J. Bojanowski
   Daniel P. Struck
   Timothy J. Bojanowski
   2901 N. Central Ave., Suite 800
   Phoenix, Arizona  85012
   Tel:  (602) 263-7324
   Fax:  (602) 200-7837
   E-mail: tbojanowski@jshfirm.com

   Michael D. Corey
   ABA #8511130
   Sandberg, Wuestenfeld & Corey
   701 West 8th Avenue, Suite 1100
   Anchorage, Alaska  99501
   Tel:  (907) 276-6363
   Fax:  (907) 276-3528

*Attorneys for Defendants Antrim, Ensch, Aguirre, and Corrections Corporation of America*

This is to certify that a true and correct copy of the foregoing was served by ( XX ) mail (    ) hand (   ) fax this 29th day of June 2006, to:

Earl Worthy, III, #368520
**FLORENCE CORRECTIONAL CENTER**
Post Office Box 6200
Florence, Arizona 85232
*Plaintiff Pro Per*


s/Dianne Clark


Defendants' Response in Opposition to Plaintiff's Motion to Change Venue
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)

164935.1