IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EARL WORTHY, III,<br><br>        Plaintiff,<br><br>vs.<br><br>MARC ANTRIM, et al.<br><br>        Defendants. | Case No. 3:05-cv-00248-TMB<br><br><br><br>ORDER |

On June 19, 2006, Earl Worthy, representing himself, filed a motion to allow the testimony of one of his witnesses by telephone,[1] a motion to transfer this case to the United States District Court for the District of Arizona,[2] and in the alternative, to order that Mr. Worthy be transported to Anchorage to trial.[3]

Mr. Worthy's motion to allow the telephonic testimony of Robert Akrish of Seattle, Washington, has not been objected to by the defendants,[4] and this motion

---

[1] *See* Docket No. 41.

[2] *See* Docket No. 42.

[3] *See* Docket No. 43.

[4] Defendants, in fact, argue in their motion opposing the transfer of this case to Arizona, that Mr. Worthy's "witness is his uncle who lives in

should be granted to afford Mr. Worthy a reasonable and fair opportunity to present his claims.[5]

Mr. Worthy has also moved to transfer this case to Arizona. The defendants have objected to this motion, and their objection is well founded.[6] Mr. Worthy initially filed this action in the state trial court in Alaska, rather than in Arizona. He, therefore, chose the forum state. In addition, Mr. Worthy has brought this case under both federal and Alaska law. He did not cite Arizona law as any basis for this claims. In fact, Mr. Worthy argued, in his motion to remand this action to the state court, that the state court had "special competency ... in matters concerning the constitution or laws of Alaska."[7] Therefore, this case is not one appropriate for transfer, even though Mr. Worthy is in Arizona, where the acts alleged occurred, albeit under policies and procedures apparently developed in Alaska.[8]

---

Seattle, and he can participate by telephone." Docket No. 48 at 5.

[5] *See Zolotukhin v. Gonzalez*, 417 F.3d 1073 (9th Cir. 2005) (immigration judge's refusal to allow the telephonic testimony of expert witness from Moscow on issue of religious freedoms in Russia was a denial of due process).

[6] *See* Docket No. 48.

[7] Docket No. 9 at 3.

[8] *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.), *cert. denied*, 531 U.S. 928 (2000) ("[T]he court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the

Mr. Worthy next requests that he be brought to Alaska to testify at trial in person, rather than telephonically. This motion is well founded. As the defendants argued in their opposition to Mr. Worthy's motion to transfer, "[i]f moved, Defendants would have to travel to Arizona to attend."[9] The defendants later reiterate that the "Alaskan parties would have to travel to Phoenix for the trial and incur a substantial expense."[10] Likewise, Mr. Worthy should be allowed to attend and testify in person. And in the event this case goes to trial, there is only one person to transport and house, rather than several. However, this motion is currently premature. An order directing the transport of Mr. Worthy to Anchorage for trial will be issued if and when the case is scheduled for trial.

**IT IS HEREBY ORDERED:**

1. Mr. Worthy's motion to allow the telephonic testimony of Robert Akrish, at docket number 41, is GRANTED.

2. Mr. Worthy's motion to transfer this case to Arizona, at docket number 42, is DENIED.

---

availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis") .

[9] *Id.* at 4.

[10] *Id.* at 5.

3.  Mr. Worthy's motion to be transported to Anchorage, at docket number 43, is DENIED without prejudice to be refiled, in the event this case is scheduled for trial.

DATED this 23rd day of August, 2006, at Anchorage, Alaska.

/s/TIMOTHY  M.  BURGESS
United States District Judge