IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EARL WORTHY, III,<br><br>    Plaintiff,<br><br>vs.<br><br>MARK ANTRIM, et al.,<br><br>    Defendants. | Case No. 3:05-cv-00248-TMB<br><br>ORDER DENYING<br>REQUEST FOR COUNSEL |

Earl Worthy, III, a prisoner representing himself, has renewed his motion for appointment of counsel in this civil rights action, where he alleges that he is being denied the right to practice his religion while incarcerated.[1]  This Order addresses Mr. Worthy's motion for counsel.

Although there is a right to counsel at public expense in criminal cases, that right does not extend to civil cases.  The Court is not authorized to make compulsory appointments of counsel to assist indigent litigants without pay.[2]  In addition, the

---

[1] *See* Docket Nos. 24-2, 44.

[2] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989).

Court has no funds of its own to pay attorneys to represent indigent litigants in civil cases, and has been unsuccessful in its attempts at finding attorneys to represent prisoners on a volunteer basis except in the most compelling and aggravated cases.

However, contrary to the defendants' contentions that counsel may only be appointed when a litigant exhibits "extraordinary circumstances,"[3] this Court refers civil prisoner cases to the Alaska Pro Bono Program when it determines that the plaintiff (1) cannot afford counsel; (2) has made reasonable attempts to find counsel without success; and (3) has at least a possibility of success on the merits.[4] Finally, the Court must decide that the case is so factually and legally complex that the plaintiff needs counsel to articulate his or her claims.[5]

The Court has reviewed Mr. Worthy's complaint.[6] In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[7] Having reviewed the materials filed by Mr. Worthy in this action, the Court concludes that this is not a case appropriate

---

[3] Docket No. 46 at 2.

[4] *See Bounds v. Smith*, 430 U.S. 817 (1977); *Ivey v. Board of Regents Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

[5] *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).

[6] *See also* 28 U.S.C. § 1915(e)(2)(B).

[7] *See Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (*pro se* prisoner's claims must be liberally construed, and given the benefit of any doubt); *Ortez v. Washington County,*, 88 F.3d 804, 807 (9th Cir. 1996).

for referral to the Pro Bono Program, and the use of its limited resources, because the case is not so legally and factually complex that Mr. Worthy needs counsel to articulate his claims. Therefore, the Court will not appoint counsel for Mr. Worthy.

Mr. Worthy is reminded that, as explained in this Court's Notice Regarding Motion for Summary Judgment,[8] in an opposition, he must submit documentary evidence to support his allegations. This Court is not an expert on religious practices. If, in fact, Mr. Worthy is Jewish by virtue of having a Jewish mother, he must include in his opposition, an affidavit or declaration from a recognized religious leader, such as a Rabbi, to support that allegation, as well as facts supporting his claim that he was born to a Jewish mother.

**IT IS HEREBY ORDERED:**

1. Mr. Worthy's renewed motion for court appointed counsel, at docket number 44, is DENIED.

2. The Clerk of Court is directed to send Mr. Worthy a declaration form, PS-13, with a copy of this Order.

DATED this 23rd day of August, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[8] See Docket No. 40.