RECEIVED
SEP 0 1 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

EXHIBIT  C

| Prisoner Grievances | Page 1 of 8 | Policy #808.03 |
|---|---|---|
| | Chapter: | Prisoner Rights |

## Policy

A. The Grievance and Compliance Administrator and the Director of Institutions shall develop, implement and monitor a prisoner grievance system within the Department. The Superintendent at each institution shall monitor the grievance process.

B. Prisoners shall attempt to resolve their *grievances* informally through discussion and negotiation (with affected staff) prior to utilizing the formal grievance procedures.

C. The Department shall only assign objective staff who are not involved in the subject of the grievance to investigate a grievance and issue a recommendation.

D. Staff may not take retaliatory action against any prisoner for the filing or pursuit of a grievance. Retaliatory action includes any form of discipline, placement in administrative segregation, transfer, other adverse classification action, or harassment imposed upon a prisoner for the prisoner's filing or pursuit of a grievance.

## Procedures

A. General

1. Information. The prisoner handbook provides information about grievance procedures. Prisoners must also be provided information during prisoner orientation. If a prisoner cannot understand the grievance procedure, staff shall make an effort to explain the procedure to the prisoner individually, using an interpreter if necessary. See Attachments 808.03E and 808.03F.

2. Scope of a Grievance. Except as provided below, a prisoner may file a grievance over any matter within the Department's control. This includes: alleging a violation of the Department's regulations, a statute, or a procedure set out in the prisoner handbook, including allegations of noncompliance with the *Cleary* Final Order, health care issues, or violations of the disciplinary or classification process. See 22 AAC 05.185. However, prisoners may not file grievances concerning classification or disciplinary decisions (22 AAC 05.200, 22 AAC 05.480 and 22 AAC 05.495), administrative transfers (22 AAC 05.266), prohibited conduct of prisoners (22 AAC 05.400), Alaska Parole Board procedures or decisions, or court procedures or decisions.

    a. Prisoners may file grievances alleging violations of the disciplinary or classification process when the grievance does not seek to overturn the decision of a particular action.

3. Filing Period. A prisoner must file a grievance within 30 days from the date the incident occurred or the prisoner has knowledge of the incident which is the subject of the grievance. (See form 808.03C.) Filing a form for informal resolution does not satisfy the time requirement. If not filed within 30 days, the Compliance

| Subject: Prisoner Grievances | Page 2 of 8 | Policy #808.03 |
|---|---|---|

Officer shall screen out the grievance and return it to the prisoner. See section B(2)(a) below.

4. <u>Compliance Officer as Grievance Coordinator</u>. The institutional Compliance Officer is the institutional Grievance Coordinator. An exception to this requirement can be made when the size of the institution and the volume of grievances processed require another correctional officer be assigned to this duty. In such instances, the Grievance Coordinator must work under the direct supervision of the institutional Compliance Officer. The assignment or reassignment of an institutional Compliance Officer or other correctional officer support may not be made without the written approval of the Deputy Commissioner.

5. <u>Where to File a Grievance</u>. Except for an emergency grievance, a prisoner must file all grievances (formal, informal or appeals) in the locked box. The Compliance Officer shall keep one copy of the form and distribute the grievance in accordance with the procedures set out in this policy.

6. <u>Prisoner Transferred or Released from Custody</u>. If the Department transfers a prisoner while it is processing the prisoner's grievance, the Grievance Coordinator shall continue the grievance process in coordination with the Grievance Coordinator of the receiving institution unless the prisoner's transfer resolves the issue. If the Department releases a prisoner from custody, the prisoner must notify the Compliance Officer in writing and leave a contact address if he or she wants the grievance process to continue. The Grievance Coordinator also may continue processing the prisoner's grievance in his or her own discretion if a prisoner is transferred or released from custody.

7. <u>Retaliatory Action</u>. The Department shall promptly investigate any allegations of retaliation against prisoners who use the grievance process to ensure that the prisoner is not subjected to any form of retaliation for the filing or pursuit of a grievance.

B. General Grievance Procedures. All prisoners, officers, and reviewing authorities shall follow the procedures below when filing and responding to a grievance. Special procedures for emergency grievances, health care grievances, and grievances alleging violation of the *Cleary* Final Order are set out in sections C-E below.

1. <u>Informal Resolution (Level One)</u>. A prisoner must try to resolve a grievance informally before filing a formal grievance, except for an emergency grievance as defined in section C below, or a grievance involving allegations of staff misconduct, section B(2)(a)(4) below. The prisoner must complete a Request For Interview form (808.11) and give the form to the appropriate staff member.

2. <u>Filing a Formal Grievance (Level Two)</u>. If the prisoner cannot resolve the grievance informally, he or she may file a formal grievance. To file a formal grievance, a prisoner must fill out page one of the Prisoner Grievance Form (808.03C) and place the form in the locked box. The Compliance Officer shall record the grievance and its subject matter in a grievance log. See policy #803.11, Permanent Record Logs.

| Subject: **Prisoner Grievances** | Page 3 of 8 | Policy #808.03 |
|---|---|---|

The formal grievance process begins when the Compliance Officer records and files the grievance.

a. The Compliance Officer shall promptly decide whether the grievance should be screened, resolved easily, sent directly to the Superintendent, or assigned to an investigator.

   (1) Screened Grievances. The Compliance Officer shall screen out and return a grievance to the prisoner if:

   - the action or decision being grieved is not a grievance issue as specified in section A(2) above;
   - the grievance is not within the institution or Department's jurisdiction;
   - the grievance was not first addressed informally;
   - the issue was already grieved by the prisoner or by another prisoner and resolved;
   - the grievance is submitted on behalf of another prisoner;
   - the form is not filled out completely;
   - the grievance is not filed within 30 days;
   - the grievance is grieving an action not yet taken;
   - the grievance contains inappropriate use of profane words;
   - the grievance lacks substance;
   - the specific relief sought is unclear; or
   - the grievance addresses more than one issue.

If screened, the Compliance Officer must fill out the Grievance Screening form (808.03A) and provide a copy to the prisoner. The officer also shall give the prisoner a written explanation for screening any grievance if the form is not self-explanatory. If the prisoner believes the grievance was screened improperly and this is part of a systemic problem, the prisoner may file a separate grievance concerning the screening process.

   i. Appeal of Screened Grievance

   (a) The prisoner must state in writing why the screening decision is incorrect on the Request for Interview form (808.11A), attach it to the grievance and the screening form, and return it to the Compliance Officer within two *working days* after receiving the screening decision.

   (b) The Compliance Officer shall record the appeal and forward it to the Superintendent or Director of Institutions (if the screened grievance concerns an action taken by the Superintendent).

   (c) The Superintendent/Director has 10 *working days* after receipt of the appeal to complete the review and issue a written decision to the prisoner (through the Compliance Officer). This level of review is final.

| Subject: Prisoner Grievances | Page 4 of 8 | Policy #808.03 |
|---|---|---|

(2) **Easily Resolved Filed Grievance.** The Compliance Officer has the discretion to attempt to resolve the initially filed grievance if it can be easily resolved with the concurrence of the prisoner, who mutually agrees with its resolution and withdrawal. If such a resolution is reached, the Resolved Filed Grievance form (808.03B) must be filled out completely and properly counter-signed by the prisoner and the Compliance Officer.

(3) **Assign Investigator.** If the grievance is not screened out, informally resolved, or resolved and withdrawn after its initial filing, the Compliance Officer must either investigate or assign another staff member to investigate the grievance. The investigator shall forward a clear and concise written statement of findings and recommendations (on page two of form 808.03C) to the Superintendent through the Compliance Officer within 10 *working days* from the date the grievance was filed.

  (a) **Grievance Against Superintendent.** If the grievance alleges a wrongdoing by the Superintendent, the investigator shall forward his or her findings and recommendations to the Director of Institutions, through the Compliance Officer. The Compliance Officer shall provide a cover memorandum.

(4) **Allegations of Staff Misconduct.** Prisoners shall file all grievances alleging staff violations of the ethical code or standards of conduct, defined by policy #202.01, with the Compliance Officer. The Compliance Officer shall record and forward the grievance directly to the Superintendent. The Superintendent shall either:

  (a) investigate, resolve the grievance, and provide a written decision to the prisoner through the Compliance Officer as in section B(2)(a)(3) above; or

  (b) return the grievance to the Compliance Officer for informal resolution or assignment to an investigator. See section B(2)(a).

  NOTE: If the grievance alleges misconduct by the Compliance Officer, the prisoner may request that the grievance be sent directly to the Superintendent.

3. <u>Formal Review by the Superintendent/Director (Level Three)</u>. The Superintendent/Director shall give the prisoner (through the Compliance Officer) a written response, on form 808.03A, within five *working days* after receiving the investigator's findings. The decision must note any corrective action, include sufficient findings and conclusions to provide for further review, and include a copy of the investigator's findings and recommendations.

4. <u>Appeal Statement</u>. A prisoner may appeal a Superintendent/Director's decision. The prisoner must complete and file a Prisoner Grievance Appeal Statement form (808.03D) with the Compliance Officer within two *working days* after receiving the Superintendent/Director's decision. The Compliance Officer shall record the appeal

| Subject: Prisoner Grievances | Page 5 of 8 | Policy #808.03 |
|---|---|---|

and immediately send the appeal to the Director or, in the case of an appeal from the Director's decision where the Superintendent has been initially grieved, to the Deputy Commissioner.

    a. The Director/Deputy Commissioner shall respond to the prisoner in writing through the Compliance Officer within 15 *working days* after receiving the appeal. The original must be sent to the Compliance Officer with a copy to the prisoner. The Director/Deputy Commissioner's shall either affirm or reverse the Superintendent's decision, note any corrective action, and contain findings and conclusions sufficient to permit further review.

    b. The reviewing authority above shall file a copy of the prisoner's appeal and the written response with the Grievance and Compliance Administrator. *Hertz v. State*, 869 P.2d 154 (Alaska 1994).

    c. The Department may deny any prisoner's appeal that does not follow these appeal procedures. 22 AAC 05.185(e).

5. <u>Review by the Grievance and Compliance Administrator</u>. A prisoner who believes a grievance has not been handled consistent with this policy may seek review by the Grievance and Compliance Administrator after the Director/Deputy Commissioner renders a decision. The Deputy Commissioner shall resolve an appeal with the assistance of the Grievance and Compliance Administrator when the Director has responded to an initially filed grievance as provided in the last sentence of section B(4) above. The prisoner must request a review by writing a letter directly to the Grievance and Compliance Administrator.

    a. The Grievance and Compliance Administrator shall, when deemed appropriate, resolve the grievance issue with the Director of Institutions, the Deputy Commissioner, or the Commissioner.

C. Emergency Grievances. A prisoner may make an emergency grievance by notifying either the Compliance Officer, Superintendent, or designee (e.g., shift supervisor during nights, weekends and holidays) orally or in writing. Emergency grievances involve issues that threaten life, the security of the facility, or may cause harm to any individual. The Superintendent or designee (with immediate notification to the Superintendent) shall determine whether the grievance is an emergency. The Compliance Officer, Superintendent, or designee will investigate and resolve the emergency grievance the same day or before the end of the work shift period. The investigator/reviewing authority shall give the prisoner a written decision as soon as practical. See also section D(1)(a)(2) below.

D. Health Care Grievances

    1. <u>Initial Filing</u>. Health care includes the fields of medical, dental, psychiatry, and mental health. Prisoners shall follow sections B(1) and (2) above when filing grievances about health care. In addition, the following procedures apply:

| Subject: Prisoner Grievances | Page 6 of 8 | Policy #808.03 |
|---|---|---|

    a. The Compliance Officer shall assign the grievance to the facility Health Care Officer to investigate and answer. If the grievance is against this staff person, the Compliance Officer shall assign the investigation to an impartial health care professional on the institutional level. If an appropriate individual is not available, the Compliance Officer must ask the Anchorage Central Office Health Care Administrator's office to assign an impartial investigator. Under no circumstances may a staff person who is named in a grievance be assigned to investigate the grievance.

        (1) The parameters for the scope of a grievance found in section A(2) above (e.g., scope of grievance) apply to health care grievances. In addition, the following parameters apply:

            (a) prisoner is refused treatment by medical, dental, psychiatrist, or mental health staff (whether salaried or contract service personnel);

            (b) prisoner was refused treatment by the Department, the Department's Health Care Operations Officer, Dentist, Psychiatrist, or Mental Health Clinician IV which was recommended by a consulting health care professional (non-Department personnel); and

            (c) prisoner is recommended for treatment by a consulting health care professional and requests review of the treatment.

        (2) Emergency health care grievances. A Health Care Officer shall investigate and resolve emergency health grievances either within the same day or by the end of the officer's work shift. The officer shall send a written decision to the prisoner through the Compliance Officer as soon as practicable. See section C above.

    b. The facility Health Care Officer shall investigate and send a written statement of findings and recommendations (on form 808.03C) to the Superintendent, through the Compliance Officer, within 10 *working days* from the date the grievance was filed.

2. <u>Superintendent's Review and Determination</u>. The Superintendent shall review the facility Health Care Officer's response, sign off on the form as "acknowledged," and send the response back to the prisoner (through the Compliance Officer) within five *working days* from receipt of the facility Health Care Officer's statement.

3. <u>Appeal</u>. If a prisoner is not satisfied with the response to the grievance, the prisoner may appeal the decision. The prisoner must complete form 808.03D and give it to the Compliance Officer within two *working days* after receiving the decision. The Compliance Officer shall record and forward the grievance appeal to the Health Care Administrator's office for the assignment of an impartial investigator.

| Subject: Prisoner Grievances | Page 7 of 8 | Policy #808.03 |
|---|---|---|

    a. The assigned investigator shall investigate the matter and provide the Medical Advisory Committee (MAC) with a written statement of findings and recommendations.

    b. MAC shall review the investigator's written recommendations and give the prisoner (through the Compliance Officer) a written decision within 15 *working days* after the Health Care Administrator's office received the appeal. The decision must contain findings of fact and conclusions as to the merits of the grievance. MAC shall send copies of all appeal decisions to the Grievance and Compliance Administrator.

  4. <u>Allegation of Malpractice</u>. If the appeal alleges a malpractice issue and MAC does not grant relief, the prisoner may seek review of the issue by the Occupational Licensing Board. The prisoner must contact the Licensing Board to determine the Board's deadlines and procedures.

E. **Cleary Noncompliance Grievances.** If a prisoner files a grievance concerning an issue addressed in the *Cleary* Final Order, the prisoner must: (1) exhaust the administrative grievance procedure set out in this policy; and (2) allow the Grievance and Compliance Administrator 10 *working days* to review the Department's decision and give the prisoner a written decision. If the prisoner does not agree with the Administrator's decision, the prisoner may file an action with the *Cleary* court. See *Hertz v. State*, 869 P.2d 154 (Alaska 1994).

  1. <u>Legal Counsel for Cleary Plaintiff Class</u>. Only the attorney who represented the prisoners in the *Cleary* case may represent a prisoner in an action for enforcement, modification, or interpretation of the *Cleary* agreement (assuming counsel still represents the prisoners), unless the court allows the prisoner to proceed *pro se* (represent him or herself in a legal action without an attorney).

    a. Following the release of plaintiff's counsel, any prisoner may bring such action *pro se*. A prisoner must first exhaust the administrative grievance procedure set out in this policy and procedure, including review by the Grievance and Compliance Administrator, prior to filing an action alleging noncompliance with the *Cleary* Final Order. See *Hertz v. State of Alaska* 869 P.2d 154 (Alaska 1994).

F. **Records**

  1. The Grievance and Compliance Administrator shall report annually to the Commissioner about the disposition and the handling of grievances by the Department during the reporting period.

  2. The Compliance Officer/Grievance Coordinator shall keep copies of all individual prisoner grievance(s) and any relevant documents.

  3. The Department shall retain historical files containing grievance documents and logs at the institution for at least three years after the final resolution of each grievance.

| Subject: Prisoner Grievances | Page 8 of 8 | Policy #808.03 |
|---|---|---|

4. The Grievance and Compliance Administrator shall periodically audit grievance records to ensure that all grievances are properly logged and handled in accordance with this policy.

Date   July 15, 1995

Margaret M. Pugh, Commissioner
Department of Corrections


Attachments: 808.03E
              808.03F

Authority:   22 AAC 05.185
             22 AAC 05.200
             22 AAC 05.266
             22 AAC 05.400
             22 AAC 05.480
             22 AAC 05.495
             *Cleary* Final Order, 3AN-81-5274 CIV Sept. 1990
             *Hertz v. State* 869 P.2d 154 (Alaska 1994)

Forms Applicable: 808.03A
                  808.03B
                  808.03C
                  808.03D