Daniel P. Struck, Bar #012377
Timothy J. Bojanowski, Bar #022126
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-7324
Fax:  (602) 200-7837
tbojanowski@jshfirm.com

Attorneys for Defendants Marc Antrim, Mike Ensch, Frank Luna,
Chaplain Aguirre, and Corrections Corporation of America

## UNITED STATES DISTRICT COURT DISTRICT OF ALASKA AT ANCHORAGE

Earl Worthy, III,

                              Plaintiff,

          v.

MARC [SIC] ANTRIM, COMMISSIONER
DEPARTMENT OF CORRECTIONS, STATE
OF ALASKA,

REV. MIKE ENSCH, CHAPLAIN [SIC]
COORDINATOR, ALASKA CORRECTIONAL
MINISTRIES, DEPARTMENT OF
CORRECTIONS, STATE OF ALASKA,

FRANK LUNA, WARDEN & CEO, FLORENCE
CORRECTIONAL CNTR.,

CORRECTIONS CORPORATION OF
AMERICA,

CHAPLAIN AGUIRRE, CHAPLAIN, ALASKA
CONTRACT, FLORENCE CORRECTIONAL
CTR.,

                              Defendants.


Sued in their official and
individual capacities,

                              Defendants.

NO. 3:05-cv-00248 (TMB)

Defendants' Reply in Support of Their Motion for Summary Judgment

*Worthy v. Antrim, et al.*

3:05-cv-00248 (TMB)

1675867_1                              1 of 9

Defendants Marc Antrim, Mike Ensch, Frank Luna, Chaplain Aguirre, and Corrections Corporation of America (hereinafter Defendants), through counsel, hereby Reply in support of their Motion for Summary pursuant to Federal Civil Rule 56.

The Reply is supported by the attached Memorandum of Points and Authorities, Defendants' Separate Statement of Facts, Defendants' Supplemental Separate Statement of Facts, and the pleadings and exhibits in this case.

RESPECTFULLY SUBMITTED this 11th day of September 2006.

JONES, SKELTON & HOCHULI, P.L.C.


By  s/Timothy J. Bojanowski
    Daniel P. Struck
    Timothy J. Bojanowski
    2901 N. Central Ave., Suite 800
    Phoenix, Arizona  85012
    Tel:  (602) 263-7324
    Fax:  (602) 200-7837
    E-mail: tbojanowski@jshfirm.com

    Michael D. Corey
    ABA #8511130
    Sandberg, Wuestenfeld & Corey
    701 West 8th Avenue, Suite 1100
    Anchorage, Alaska  99501
    Tel:  (907) 276-6363
    Fax:  (907) 276-3528

    *Attorneys for Defendants Antrim,
    Ensch, Chaplain Aguirre, and
    Corrections Corporation of America*

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTS

The essence of Worthy's opposition is that he should be allowed to practice the Jewish faith without the need of compliance with institutional policy. Worthy claims that he has a sincerely held belief and need not to do anything further in order to practice his religion. He believes prison policies deny his unfettered right to practice his religion.

Worthy continues to ignore the fact it is his actions which prevent the change in religious designation, and not those of the facility. Worthy's Response contains no factual information verifying his religion as Jewish, or otherwise supporting his request to practice the Jewish faith. There is no Affidavit or declaration from any Jewish organizations or Rabbi which supports his claim of being Jewish, or lands support to Plaintiff's request to change religious preference consistent with prison policy. Additionally, Worthy does not provide facts in opposition to Defendants' Motion for Summary Judgment which create an issue of fact for resolution by the jury.

### ARGUMENT

Worthy states he was born Jewish and is not changing his religion. (Exhibit F, 5). He therefore does not believe he should be subject to the change of religion form needed to change religious preference in the Florence Correctional Center facility. Worthy does not dispute Defendants' facts concerning

Defendants' Reply in Support of Their Motion for Summary Judgment
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)

verification by the Jewish faith as a tenet of that religion. He feels his self-declaration is sufficient for purposes of participating in the Jewish religion. This position is contrary to the facts before the Court as set froth in Chaplain Aguirre's Affidavit. (Exhibit F). Because Worthy does not dispute these facts, summary judgment is appropriate.

Worthy steadfastly asserts he does not need to fill out a change of religious preference form because his beliefs are sincerely held. (Brief, pp. 14-15). The form is a restriction put in place to assist the prison in the management of inmates who wish to change religious preferences. (Exhibit F). The change in religious preference requires the inmate to obtain a written statement from an accredited minister or religious leader who is not an inmate. (Exhibit F-1). The form was established to balance the institution's need for safety and security with the inmates' need to practice their religion. In this instance, the verification process is non-specific and non-consent based, only requiring a written statement from an accredited minister/religious leader. This policy furthers institutional security by preventing gang affiliations, inmate violence, and security issues involved in mass inmate movements. Whether Worthy's beliefs are sincerely held can also be verified through this process. Worthy had never before declared his religious preference as Jewish. He had not previously participated in Jewish services, a Kosher diet, or other

Defendants' Reply in Support of Their Motion for Summary Judgment
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1675867_1                          4 of 9

practices before he requested a preference change. (Plaintiff's deposition, dated April 11, 2006, p. 34). Worthy practices the Jewish religion by reading the Torah and praying. (Plaintiff's deposition, dated April 11, 2006, pp. 22-24). Worthy does not abide by diet restrictions, and, therefore, providing a Kosher diet is not at issue. (Plaintiff's deposition, dated April 11, 2006, pp. 24-28). Even though Plaintiff professes to be Jewish he is unable to identify major holidays and their dates. (Plaintiff's deposition, dated April 11, 2006, p. 41). Plaintiff apparently wants to pick and choose which portions of his religion he wants to practice and which ones he does not. It does not appear the beliefs are sincerely held.

Plaintiff has not provided facts which indicate Defendants stated reasons for the policy are not rationally related to prison security issues. *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Because Worthy has not established any facts which indicate the prison regulation is unreasonable he fails to create the necessary issue of fact to avoid summary judgment. As such, Plaintiff's claims fail. The only evidence before the Court is Chaplain Aguirre's Affidavit which states the regulation is in place for prison security and the management of inmates.

Plaintiff's assertions concerning supervisory liability are equally without merit. Plaintiff fails to provide evidence Reverend Ensch participated in any decision concerning

Defendants' Reply in Support of Their Motion for Summary Judgment
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1675867_1                              5 of 9

Plaintiff's request to practice his religion.   Reverend Ensch simply provided general information to Chaplain Aguirre concerning assisting inmates who wish to practice the Jewish faith.   There is no document, testimony, or discovery response which shows Reverend Ensch had any involvement in a decision concerning Worthy's request or grievance.

As to Warden Luna, Plaintiff makes a classic *respondeat superior* argument with no facts showing active participation, the implementation of a policy, or a failure to train. Plaintiff attempts to hold the Warden responsible by reference to Policy No. 808.03, Alaska Department of Corrections. This policy lends no support to Plaintiff's claim.   There is still a lack of factual information that Warden Luna prepared the policy, took action in violation of the policy, or failed to train staff as to the content of the policy.   Because there is no factual support for Plaintiff's claims against Warden Luna summary judgment is appropriate.

Correctional Corporation of America (hereinafter CCA) and Marc Antrim are not mentioned in Plaintiff's response concerning his First Amendment claims, and are therefore entitled to judgment.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).   The failure on Plaintiff's part to present evidence concerning Marc Antrim and CCA's involvement or participation in a First Amendment violation compels a dismissal.

Defendants' Reply in Support of Their Motion for Summary Judgment
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1675867_1                                        6 of 9

Worthy also does not set forth facts which establish Policy No. 20-102 places a "substantial" burden on his practice of religion in violation of RLUIPA. In this case, Worthy did not make a request to the two organizations he was referred to for assistance. There was no denial of his ability to practice religion he just does not feel the need to abide by policy in making a request to change religious preference. Defendants have the obligation to consider the religious preferences of 2,000 inmates at the facility. In accommodating the needs of the inmates, Defendants must engage in coordination, scheduling, mass movements, congregational services, and security concerns. The verification from outside sources serves a legitimate interest in maintaining security by thwarting the formation of gangs, transfer of contraband, and assaultive conduct between separatees. Without some form of verification prison administrators are faced with various groups of inmates banding together to form gangs because each of them self-declares a certain religion and demands congregational services. The statement required by the policy is non-specific and does not require Plaintiff to "prove his Jewishness." Given the non-specific nature of the required statement, Plaintiff is not substantially burdened and prevented from exercising his religion. RLUIPA is thereby not implicated by this incidental burden. Lastly, Plaintiff does not establish his standing under

Defendants' Reply in Support of Their Motion for Summary Judgment
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1675867_1                                              7 of 9

RLUIPA by establishing facts to trigger jurisdiction under the Act.

Plaintiff's state law claims likewise fail due to lack of an issue of fact. CCA policy No. 20-102 is neutrally based as it applies equally to all religions within the prison. The Jewish faith is not targeted, and as a result the policy is neutrally applied. There are no facts showing the policy is not facially neutral.

Plaintiff has not shown that he has been denied participation in all rehabilitation programs. Even Plaintiff admits he is able to pray and has received a copy of the Torah. As previously stated the policy only prevents Plaintiff's participation because of Plaintiff's refusal to submit a change of religious preference form. His own conduct is the proximate cause of the problem and not a facially invalid policy.

Plaintiff's allegations he has the right to enforce a contract as a third-party beneficiary are without basis. Plaintiff states he has the right to enforce contact provisions arising from an opinion of the Alaska Supreme Court in *Smith v. Cleary*, 24 P.3d 1245 (2001). The case confers no such right on Plaintiff. The case involved the enforcement of a class action settlement agreement. Plaintiff provides no indication he is an intended beneficiary of the contract between Alaska and CCA. This failure is fatal to Plaintiff's claims.

Defendants' Reply in Support of Their Motion for Summary Judgment
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1675867_1                                    8 of 9

**CONCLUSION**

Since Plaintiff fails to establish a genuine issue of material fact Defendants are entitled to summary judgment.

RESPECTFULLY SUBMITTED this 11th day of September 2006.

JONES, SKELTON & HOCHULI, P.L.C.


By s/Timothy J. Bojanowski
   Daniel P. Struck
   Timothy J. Bojanowski
   2901 N. Central Ave., Suite 800
   Phoenix, Arizona  85012
   Tel: (602) 263-7324
   Fax: (602) 200-7837
   E-mail: tbojanowski@jshfirm.com

   Michael D. Corey
   ABA #8511130
   Sandberg, Wuestenfeld & Corey
   701 West 8th Avenue, Suite 1100
   Anchorage, Alaska  99501
   Tel: (907) 276-6363
   Fax: (907) 276-3528

   *Attorneys for Defendants Antrim, Ensch, Chaplain Aguirre, and Corrections Corporation of America*


This is to certify that a true and correct copy of the foregoing was served by ( XX ) mail (  ) hand (  ) fax this 11th day of September 2006, to:

Earl Worthy, III, #368520
**FLORENCE CORRECTIONAL CENTER**
Post Office Box 6200
Florence, Arizona 85232
*Plaintiff Pro Per*


s/Dianne Clark


Defendants' Reply in Support of Their Motion for Summary Judgment
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1675867_1                          9 of 9