Daniel P. Struck, Bar #012377
Timothy J. Bojanowski, Bar #022126
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Fax: (602) 200-7837
tbojanowski@jshfirm.com

Attorneys for Defendants Marc Antrim, Mike Ensch, Frank Luna, Aguirre, and Corrections Corporation of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

**AT ANCHORAGE**

| | |
|---|---|
| Earl Worthy, III,<br><br>  Plaintiff,<br><br>  v.<br><br>MARC [SIC] ANTRIM, *et al.*,<br><br>  Defendants. | NO. 3:05-cv-00248 (TMB) |

**DEFENDANTS' CONSENT MOTION TO TRANSFER**

Defendants Marc [sic] Antrim, Mike Ensch, Frank Luna, Corrections Corporation of America ("CCA") and Christopher Aguirre, through counsel, hereby submit this Consent Motion to Transfer. Defendants' Consent Motion to Transfer this matter from the District of Alaska to the District of Arizona, Phoenix Division should be granted because the convenience of the parties, the witnesses, and the interests of justice now justify transfer to Arizona.

Undersigned counsel spoke with Plaintiff via telephone on August 10, 2007 regarding this Motion, and he consents to the relief requested.

Defendants' Consent Motion to Transfer is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

Plaintiff is a prisoner formerly housed at the CCA Florence Correctional Center, in Florence, AZ and is now housed at the CCA Red Rock Correctional Center in Eloy, Arizona.

Plaintiff filed his Complaint in 2005 in the Superior Court for the State of Alaska, alleging violations of his Free Exercise Rights under federal law, including the, Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Religious Freedom Restoration Act (RFRA). Plaintiff also alleged two causes of action under the Alaska State Constitution and a cause of action, as a third-party beneficiary, for breach of contract between the State of Alaska and CCA. Defendants removed the action to this Court on October 19, 2005.

On June 16, 2006, Defendants moved for Summary Judgment. Only July 18, 2007, the Court denied Defendants' Motion as to Plaintiff's federal law claims, but dismissed Plaintiff's state law claims as "being too far removed from his claims under RLUIPA and the First Amendment"[1] and thus declined jurisdiction over those claims.

---

[1] Order Denying Summary Judgment, July 18, 2007 [Doc. # 59] at 17.

Three days after Defendants filed their Motion for Summary Judgment, Plaintiff's Motion to Transfer [Doc. #42] was docketed by the Clerk. At that time, Defendants recognized that transfer was improper, based on the assumption the Court would exercise its supplemental jurisdiction over Plaintiff's state law claims, and filed their Opposition [Doc. # 48] on June 29, 2006. On August 23, 2006, the Court denied Plaintiff's Motion to Transfer, noting that this case was brought "both under federal and Alaska law,"[2] before determining that it "is not one appropriate for transfer."[3]

In light of the Court's Order Denying Summary Judgment, the Defendants have begun narrowing their list of witnesses, and concluded that in light of the dismissal of the state law claims, most, if not all, of the State of Alaska Defendants will likely not be called to testify. Furthermore, the dismissal of the state law claims obviates the need for this Court's "special competency" in matters concerning the laws of Alaska.

In short, Defendants have concluded that in light of the Court's Order Denying Summary Judgment, that transfer of this case to the District of Arizona, Phoenix Division is now appropriate and is a more convenient venue for all parties.

## II. LEGAL ARGUMENT

28 U.S.C. §1404 provides that for "the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

---

[2] Order, August 23, 2006 [Doc. #53] at 2.
[3] *Id.*

division where it might have been brought." In light of the dismissal of Plaintiff's state law claims, the convenience of the parties and witnesses and the interest of justice will be served by a change of venue to the District of Arizona, Phoenix Division. Accordingly, a change of venue pursuant to 28 U.S.C. §1404 is now appropriate.

*Jones v. GNC Franchising, Inc.*[4] establishes eight factors the court should consider in authorizing a change of venue. Those factors include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contact with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability to compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof.[5] Each of these factors now counsels that transfer is appropriate.

First, while Plaintiff initially plead a breach of contract claim, relating to a contract that was partially, negotiated and partially executed in Alaska, that claim has now been dismissed.

Second, in light of the dismissal of Plaintiff's state law claims, the governing law is federal law relating to Plaintiff's Free Exercise, RLUIPA and RFRA claims. Similar claims have been

---

[4] 211 F.3d 495, 498-99 (9th Cir. 2000).
[5] *Id.*

Defendants' Consent Motion to Transfer
*Worthy v. Antrim, et al.*
3:05-cv-00248 (TMB)
1813131.1                    4 of 7

brought in the District of Arizona, and that District is no less familiar with those governing laws than the District of Alaska.

Third, while Plaintiff initially chose to pursue this case is the Third Judicial District of Superior Court of the State of Alaska, Plaintiff has since decided that the District of Arizona, Phoenix Division is a better forum to pursue his litigation. He previously and Defendants suggest prematurely, sought to have venue transferred. He does not oppose a transfer of venue.

Fourth, while Plaintiff is an Alaskan prisoner, and several Defendants are Alaskan officials, the most significant contact of the parties is in Arizona. The liability of the Alaskan officials is premised on the theory of *respondeat superior*, for actions occurring in Florence, Arizona.

Fifth, Plaintiff remains incarcerated in Eloy, Arizona, and expects to remain so for approximately the next 30 months, until the conclusion of his sentence, and requests that injunctive relief be fashioned which will take effect at his facility in Arizona.

Sixth, and perhaps most significantly, the litigation costs favor the transfer of this case, now that Plaintiff's state law claims have been dismissed. Defendants have concluded, that based on Plaintiff's *respondeat superior* theory, that very few, if any, Alaskan officials will need to be called to testify at trial. While it is true that any Alaskan official called to testify at trial, will endure the expense of travel, that

expense is less than would be occurred for the Arizona witnesses to travel to Anchorage. Warden Luna, Chaplain Aguirre, and almost all of Defendants' other witnesses all reside in Arizona. The costs of travel for those witnesses to Alaska trial, coupled with the costs of travel, in both time and money for Plaintiff and Defense counsel, to exchange exhibits, attend the final pretrial conference, and for trial is high. While the balance may have tipped away from transfer based on this Court's familiarity with Alaskan law, now that the state law claims have been dismissed, the balance shifts in favor of transfer.

Seventh, several of Defendant's potential witnesses, are no longer employed by CCA. As such, they are non-parties, and reside far outside the subpoena power of this Court. Without their testimony, however, Defendants would be severely prejudiced at trial. A transfer to the District of Arizona, Phoenix Division, however, would once again place those non-party, unwilling witnesses back in the subpoena power of the court.

Eighth, nearly all of the sources of proof, especially impeachment witnesses, are located in Arizona. It would be unduly burdensome on the parties to transport all witnesses to Alaska for trial, especially if they are unlikely to be called to testify.

### III. **CONCLUSION**

For the foregoing reasons, the convenience of the parties, and the interests of justice, a transfer of this case to the

District of Arizona, Phoenix Division is now appropriate. The Defendants, with Plaintiff's consent, requests the Court transfer this matter for further proceedings to the District of Arizona.

RESPECTFULLY SUBMITTED this 14th day of August 2007.

JONES, SKELTON & HOCHULI, P.L.C.

By s/Timothy J. Bojanowski
   Daniel P. Struck
   Timothy J. Bojanowski
   2901 North Central Ave., Suite 800
   Phoenix, Arizona  85012
   Tel:  (602) 263-7324
   Fax:  (602) 200-7837
   E-mail: tbojanowski@jshfirm.com

   Michael D. Corey, ABA #8511130
   Sandberg, Wuestenfeld & Corey
   701 West 8th Avenue, Suite 1100
   Anchorage, Alaska  99501
   Tel:  (907) 276-6363
   Fax:  (907) 276-3528

   *Attorneys for Defendants Antrim, Ensch, Aguirre, and Corrections Corporation of America*

This is to certify that a true and correct copy of the foregoing was served by ( XX ) mail (   ) hand (   ) fax this 14th day of August 2007, to:

Earl Worthy, III, #368520
**RED ROCK CORRECTIONAL FACILITY (AK CONTRACT)**
1752 East Arica Road
Eloy, Arizona 85231
*Plaintiff Pro Per*

s/Dianne Clark