UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

<u>  EARL WORTHY, III  </u>   v.   <u>  MARC ANTRIM, et al.  </u>

THE HONORABLE TIMOTHY M. BURGESS

<small>DEPUTY CLERK</small>                                  CASE NO.  <u> 3:05-cv-00248-TMB </u>

<u>  Pam Richter  </u>

PROCEEDINGS: **MINUTE ORDER FROM CHAMBERS**       DATE: August 20, 2007

  On August 3, 2007, after the defendants' motion for summary judgment was denied, the parties filed a joint status report in this case requesting a settlement conference with a different judge in December, 2007.[1]  This request is well-taken.

  Thereafter, on August 14, 2007, the defendants filed a motion for a change of venue to the District of Arizona, stating that the plaintiff had no objection.  This motion is also well-taken.

  First, however, the parties are encouraged to continue settlement negotiations in this case, in which it appears likely, based upon the facts and the law submitted in the various documents associated with the motion for summary judgment, that the plaintiff will prevail on all but the issue of money damages.[2]  If a settlement between the parties is not reached by November 1, 2007, the parties shall file a joint notice with the Court to that effect, and a settlement conference before a different judge will be scheduled in December, 2007, as requested.

  In the event the parties do not reach a settlement in this matter either before the scheduled conference, or at that conference, the motion for a change of venue will be addressed, with direct input from the plaintiff.

  IT IS SO ORDERED.

---

[1] *See* Docket No. 61 at 2.

[2] *See* Docket No. 59; *see also Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2003) ("To the extent that appellant has actionable claims for compensatory, nominal or punitive damages -- premised on violations of his Fourteenth Amendment rights, and not on any alleged mental or emotional injuries -- we conclude the claims are not barred by § 1997e(e).  The district court correctly interpreted § 1997e(e) as requiring a showing of more than *de minimus* physical injury in order to recover compensatory damages for mental or emotional injury.").  It does not appear that Mr. Worthy was injured in a manner that would entitle him to money damages.